U.S. DISTRICT ...
WESTERN DISTRICT ...
RECEIVED SHREVEPORT
JAN 16 2013
TONY R. ...  CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CAROLYN J. LILLEY | CIVIL ACTION: No. 11-1959 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment [Doc. 12] filed on behalf of Defendants. Plaintiff opposes Defendants' motion. For reasons stated herein, Defendants' motion for summary judgment is hereby **GRANTED IN PART** and **RESERVED IN PART.**

### I. FACTUAL BACKGROUND

Plaintiff Carolyn Lilley filed this employment discrimination lawsuit against Defendants on November 9, 2011, alleging that she was subjected to discrimination, harassment, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. section 2000e et seq., 42 U.S.C. sections 1981a, 1983, and 1988, the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States of America, and Louisiana Civil Code articles 2315 and 2324.

Plaintiff began working for the Louisiana Department of Transportation and Development ("DOTD") on January 3, 1993. [Doc. 1, ¶3.1]. Her employment with the DOTD was terminated on September 15, 2008. [Doc. 17, ¶1].

1

Plaintiff filed two charges with the Equal Employment Opportunity Commission ("EEOC") arising out of her employment with the DOTD. The first charge, EEOC No. 461-2007-01675, was filed on August 13, 2007 and a right-to-sue letter was issued to Plaintiff on July 20, 2010. [Doc. 17, ¶3]. The second charge, EEOC No. 461-2009-00106, was filed on February 24, 2010 and a right-to-sue letter was issued on August 4, 2011. [Doc. 17, ¶5]. This second charge raised allegations of discrimination based on retaliation, sex, age and disability during the period of time between April 30, 2008 and September 15, 2008. [Doc. 17, ¶6].

In their motion for summary judgment, Defendants contend that each of Plaintiff's claims are time barred.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

### III. LAW AND ANALYSIS

Plaintiff seeks relief under the ADEA, ADA, Title VII, 42 U.S.C. § 1981a, 1983, and 1988,

as well as Louisiana Civil Code articles 2315 and 2324. Defendants contend that each of Plaintiff's claims have prescribed. The timeliness of each of her claims will be addressed in turn.

### A. Employment Discrimination Claims under the ADEA, ADA, and Title VII

Prior to filing an employment discrimination action in federal court, the employee must timely file a charge with the EEOC. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This filing requirement acts as a statute of limitations rather than a jurisdictional prerequisite. *Id.* More specifically, the ADEA, Title VII, and the ADA have two filing requirements that must be complied with in order to preserve a claim of employment discrimination.

First, in a "deferral state" such as Louisiana, *see* La. R.S. 23:303, an employee must file a charge with the EEOC no later than 300 days from the alleged discriminatory action in order to preserve a claim under the ADEA, Title VII, or the ADA. 29 U.S.C. § 626(d)(1)(A) [ADEA]; 42 U.S.C. §§ 2000e-5(e)(1) [Title VII], 12117(a) [ADA] (incorporating § 2000e-5); *See also Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 384 (5th Cir. 2002) [ADEA]; *Urrutia v. Valero Energy Corp.*, 841 F.2d 123, 124 (5th Cir. 1988) [Title VII]; *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 878 (5th Cir. 2003) [ADA]. Second, an employment discrimination plaintiff must file a civil suit in federal court within 90 days from the date the charging party receives a right-to-sue letter from the EEOC. 29 U.S.C. § 626(e) [ADEA]; 42 U.S.C. §§ 2000e-5(f)(1) [Title VII], 12117(a) [ADA]; *See also St. Louis v. Tex. Worker's Comp. Com'n*, 65 F.3d 43, 47 (5th Cir. 1995) [ADEA]; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) [Title VII]; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) [ADA]. "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379. Thus, for Plaintiff's employment discrimination claims to be timely, she must have filed a charge of discrimination with the EEOC

within 300 days of the alleged discriminatory conduct, and she must have then filed her civil suit in this court within 90 days of receiving a right-to-sue letter from the EEOC.

### *1. EEOC Charge No. 461-2007-01676*

Plaintiff filed charge number 461-2007-01675 ("Charge 1") with the EEOC on August 13, 2007, alleging discrimination based on sex. [Doc. 12-3 at 2]. The EEOC issued a right-to-sue letter on July 20, 2010. [Doc. 12-3 at 4]. Although the record does not reflect the date Plaintiff actually received the letter, it is undisputed that Lilley did not file this suit within 90 days of receiving the notice. [Docs. 12-2, ¶4 and 17, ¶4]. Furthermore, Plaintiff fails to present an argument that the 90-day limitations period should be equitably tolled. Therefore, to the extent that Charge 1 forms the basis for Plaintiff's claims, these claims are untimely.[2] *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (per curiam).

### *2. EEOC Charge No. 461-2009-00106*

Plaintiff filed charge number 461-2009-00106 ("Charge 2") with the EEOC on February 24, 2010, alleging discrimination based on sex, retaliation, age, and disability. [Doc. 12-3 at 6–7]. On August 4, 2011 the EEOC issued a right-to-sue letter explaining that it could find no evidence of a statutory violation. [Doc. 12-3 at 9].

Defendants argue that any claims based on Charge 2 are untimely because Plaintiff failed to file the charge with the EEOC within 300 days of the allegedly discriminatory act. Charge 2 accuses the DOTD of terminating Plaintiff because of her gender, age, disability, and in retaliation for filing a prior charge of discrimination with the EEOC. [Doc. 12-3 at 6]. In other words, the allegedly

---

[2]It is unclear whether Charge 1 is relevant to any counts in Lilley's complaint other than Count 4, alleging retaliation. Nevertheless, Count 3 alleges gender discrimination in vague terms, therefore the timeliness of claims stemming from Charge 1 must be addressed.

discriminatory act was Plaintiff's termination on September 15, 2008. In order to preserve her claims under the ADEA, Title VII or ADA, Plaintiff was required to file Charge 2 with the EEOC within 300 days of her termination. Plaintiff waited until February 24, 2010 to file Charge 2, over 500 days after the alleged discriminatory act. Again, Plaintiff has not offered any argument for equitable tolling of the 300-day limitations period. Consequently, Plaintiff's employment discrimination claims based on the allegations in Charge 2 are untimely. *See, e.g., Tyler*, 304 F.3d at 384; *Urrutia*, 841 F.2d at 124; *Manning*, 332 F.3d at 878. Furthermore, because Plaintiff's claims under Title VII and the ADA are untimely, her claim for punitive damages under 42 U.S.C. § 1981a must also be dismissed. *See, e.g., Bennett v. Calabrian Chem. Corp.*, 324 F.Supp.2d 815, 839 (E.D. Tex. 2004), *aff'd*, 127 Fed. Appx. 171 (5th Cir. 2005) (explaining that § 1981a only provides an additional remedy when the plaintiff establishes a right to relief under another substantive act).

Plaintiff's only relevant argument in opposition is that her claims are timely because the lawsuit was filed within 90 days of receiving the right-to-sue letter related to Charge 2.[3] This argument completely misses the issue. The claims related to Charge 2 are not untimely because of a failure to comply with the 90-day period for commencing a civil action in court. Rather, the claims

---

[3]In addition to Plaintiff's argument that her claim is timely because she complied with the 90-day filing requirement as it related to Charge 2, she inserted an eight paragraph block quotation from *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 115–18 (2002). This unnecessarily long quotation describes the characteristics of a hostile environment claim, explaining that a such a claim may be timely filed even though certain actions occurred outside the 300-day period. The excerpt fails to explain, however, how Plaintiff's claim is timely filed despite her failure to allege a single discriminatory action within the 300 days preceding the date that Charge 2 was filed. Plaintiff merely argues in a conclusory fashion that Defendants' cumulative conduct constitutes a hostile work environment, apparently making her claim timely. Even when the facts alleged are taken in the light most favorable to her claims, it is impossible to conclude that Defendants perpetrated a single discriminatory act against Plaintiff within 300 days of the date Charge 2 was filed.

are untimely because of a glaring failure to timely file a charge of discrimination with the EEOC.

Because Plaintiff failed to timely file a charge of discrimination with the EEOC, Defendant's motion for summary judgment as to Plaintiff's claims under the ADEA, Title VII, the ADA, and 42 U.S.C. § 1981a is hereby **GRANTED**.

### B. State Law Claims

Plaintiff alleges that Defendants conspired together to violate her civil rights, and that this conduct amounts to an intentional tort under Louisiana Civil Code article 2315. She further alleges that Defendants are solidarily liable for her injuries under article 2324. [Doc. 1]. Articles 2315 and 2324 are delictual articles subject to the one-year liberative prescription in article 3492.

Plaintiff does not allege in her complaint that Defendants committed an act or omission forming part of the alleged conspiracy after the date she was terminated. Therefore, the latest date Plaintiff could have timely filed this suit was one year from her date of termination—September 15, 2009. This suit was not filed until November 11, 2011. Accordingly, Plaintiff's state law claims are untimely. Defendants' motion for summary judgment related to Plaintiff's state law claims is **GRANTED**.

### C. Claims Under 42 U.S.C. §§ 1983, 1988

Plaintiff asserts in her complaint that "this action is brought pursuant to ... 42 U.S.C. 1981a, 1983, and 1988, and the Fourth, Fifth, Ninth and Fourteenth Amendments." She again states in her prayer for relief that Defendants are liable for violating her rights under § 1983 and the aforementioned constitutional amendments. Yet, nowhere else in the complaint does Plaintiff outline the basis for her claims under § 1983. Absent details on the factual underpinnings of the § 1983 claim, the Court is unable to fully consider Defendants' motion for summary judgment insofar as it

pertains to Plaintiff's claims under § 1983. Accordingly, Defendants' motion for summary judgment as to Plaintiff's potential claims under § 1983 is hereby **RESERVED.**

Plaintiff is ordered to submit a brief explaining the factual bases for her claims under 42 U.S.C. §§ 1983 and 1988 and her claims under the Fourth, Fifth, Ninth, and Fourteenth Amendments, as well as explaining why these claims are not time-barred. Plaintiff's supplemental brief shall be filed within 14 days from the date of the filing of this ruling. Failure to submit a timely brief will result in dismissal of Plaintiff's remaining claims for failure to state a claim upon which relief may be granted and/or want of prosecution.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is hereby **GRANTED IN PART** and **RESERVED IN PART**. Plaintiff's claims under the ADEA, Title VII, the ADA, and 42 U.S.C. § 1981a are **DISMISSED WITH PREJUDICE**. The Court's ruling on Defendants' motion for summary judgment as to Plaintiff's claims under 42 U.S.C. § 1983 is hereby **RESERVED**. Plaintiff is to submit a brief in accordance with Part III.C of this ruling no later than 14 days from the date of the filing of this ruling.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 16th day of January, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE