UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAROLYN J. LILLEY | CIVIL ACTION NO. 11-cv-1959 |
| VERSUS | JUDGE WALTER |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Carolyn Lilley ("Plaintiff"), represented by attorney Joseph M. Clark, Sr., filed this employment discrimination action against several defendants based on alleged mistreatment while she was employed by the Louisiana DOTD.

The court was informed that Plaintiff's attorney, Mr. Clark, passed away in December 2013. A member of the court's staff spoke with Plaintiff, who was aware of Mr. Clark's passing, and encouraged her to enroll new counsel as soon as possible. Plaintiff provided her current address and telephone number, which was entered on the docket to ensure her receipt of future orders.

The court issued an order in January 2014 that recounted these facts, encouraged Plaintiff to retain new counsel, and granted Plaintiff until February 26, 2014 to either (1) enroll new counsel or (2) file a written statement that he intends to represent herself. The order warned that failure to take one of those steps by the deadline "may result in this civil action being dismissed, without further notice, for failure to prosecute." Doc. 37.

The court has not received anything from Plaintiff since the order issued, and the deadline passed more than two weeks ago. The court has provided Plaintiff with reasonable notice and ample time for her to enroll new counsel or indicate her desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court of her desire to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such simple steps is interested enough in her case to comply with the more serious requirements of litigation such as responding to discovery requests, serving a witness list, and engaging in motion practice. Attempting to proceed further with this action would be a waste of time and resources for the court and the defendants. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge